FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 16, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TORIE F., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY <br><br> Defendant. | No. 2:19-CV-00398-JTR <br><br> ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 13, 14. Attorney Chad Hatfield represents Torie F. (Plaintiff); Special Assistant United States Attorney Leisa Wolf represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS IN PART** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on October 6, 2016, alleging disability since March 4, 2015, due to pressure on her brain, migraines, loss of vision, dizziness, extreme pain in her neck, head, and back, and ringing in her ears. Tr. 68-69. The applications were denied initially and upon reconsideration. Tr. 108-14, 117-22. Administrative Law Judge (ALJ) Donna Walker held a hearing on August 7, 2018, Tr. 34-67, and issued an unfavorable decision on October 31, 2018, Tr. 15-25. Plaintiff requested review by the Appeals Council. Tr. 178-81. The Appeals Council denied Plaintiff's request for review on September 17, 2019. Tr. 1-5. The ALJ's October 2018 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on November 19, 2019. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1990 and was 24 years old as of her alleged onset date. Tr. 24. She completed one year of college and CNA training, and worked as a CNA and housekeeper in a nursing home. Tr. 204. In 2015 she started to develop headaches with eye strain, which progressed into migraines. Tr. 315. She sought treatment from an ophthalmologist and a neurologist, who explored possible optic nerve problems and intracranial pressure. Tr. 283, 315. A neuro-ophthalmologist eventually diagnosed her with anomalous optic nerves and severe migraines. Tr. 308. She was treated with migraine medications and continued to report moderate to severe headaches multiple times per week. Tr. 2551, 302, 325, 334, 352.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*,

201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec.*

*Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On October 31, 2018, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since March 4, 2015, the alleged onset date. Tr. 17.

At step two, the ALJ determined Plaintiff had the following severe impairments: occipital neuralgia, with secondary chronic headaches; environmental allergies; and asthma. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 18.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform medium exertion level work with the following limitations:

> Regarding postural abilities, the claimant has the unlimited ability to balance, stoop (*i.e.*, bend at the waist), kneel, crouch (*i.e.*, bend at the knees) or crawl; she can occasionally climb ramps or stairs, but should never climb ladders, ropes or scaffolds. The claimant has no limitations regarding the ability to handle, finger, or feel, reach in all directions, including overhead, and has the unlimited ability to see, hear and communicate. Regarding the environment, the claimant has no limitations regarding exposure to extreme cold, extreme heat, wetness, humidity, but should avoid concentrated exposure to noise, vibration, fumes, odors, dust, gases or poor ventilation and hazards, such as dangerous machinery and unprotected heights.

*Id.*

At step four, the ALJ found Plaintiff was capable of performing her past relevant work as a housekeeper and nurse assistant. Tr. 23.

Despite making dispositive step four findings, the ALJ alternatively found at step five that, considering Plaintiff's age, education, work experience, and residual functional capacity, there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform, specifically identifying the representative occupations of laundry worker and order filler. Tr. 24-25.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 25.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) improperly evaluating medical opinions; (2) rejecting severe impairments at step two; (3) conducting an inadequate step three analysis and failing to find Plaintiff met or equaled Listing 11.02; (4) improperly rejecting lay witness testimony; (5) improperly rejecting Plaintiff's subjective complaints; and (6) making inadequate step four and step five findings.

## DISCUSSION

**1. Plaintiff's subjective statements**

Plaintiff contends the ALJ erred by improperly rejecting her subjective statements. ECF No. 13 at 17-20.

It is the province of the ALJ to make determinations regarding a claimant's subjective complaints. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 5

unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

  The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 19. The ALJ found Plaintiff's allegations to be unsupported by the record evidence and her daily activities. Tr. 19-22.

  Plaintiff argues her daily activities were modest and not inconsistent with her allegations, as she is able to engage in regular personal and household care only when she does not have a migraine. ECF No. 13 at 19-20. She further argues the ALJ failed to account for the episodic nature of her condition, and that periods of decreased symptoms were not sustained. *Id.* Defendant argues the ALJ reasonably interpreted the record as demonstrating activities inconsistent with Plaintiff's allegations and as showing improvement in her symptoms with treatment. ECF No. 14 at 5-8.

  The Court finds the ALJ failed to offer specific clear and convincing reasons for discounting Plaintiff's symptom allegations.

  While a claimant's daily activities may support an adverse credibility finding if the activities contradict her other testimony, *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007), the mere fact that a claimant is capable of performing some basic daily activities does not necessarily detract from her overall credibility.

*Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014); *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004). The Ninth Circuit has acknowledged "many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

      The ALJ noted Plaintiff's ability to care for her children and pets and attend to regular household chores and self-care. Tr. 19-20. However, none of these activities are inconsistent with Plaintiff's reports that she has varying levels of headache pain from day to day, and is unable to perform any activities when afflicted with a migraine. Tr. 54-57. In her function report she stated she does chores during "that small window of time where I feel a little better." Tr. 211. Her fiancé reported she does household chores, or tries to, at least two times per week. Tr. 227. The record contains numerous reports that her ability varies from day to day depending on her pain level, and sometimes she needed assistance in caring for herself and her children. Tr. 55-56, 214, 225, 230, 244-45, 302. The ALJ failed to acknowledge the varying degree of Plaintiff's abilities. Therefore, the finding that Plaintiff's activities are inconsistent with her symptom allegations is not supported by substantial evidence.

      Unexplained or inadequately explained reasons for failing to seek medical treatment or follow a prescribed course of treatment can cast doubt on a claimant's subjective complaints. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). To the extent the ALJ implied Plaintiff's allegations were not reliable due to her delay in receiving specialized care at the eye clinic and her failure to have restarted treatments following the birth of her child, the Court finds this rationale is not supported by substantial evidence. The ALJ acknowledged Plaintiff's testimony that she had issues with her medical insurance in 2015 and 2016, which contributed to her delay in receiving treatment at the eye clinic; but the ALJ implied that Plaintiff's testimony was not believable due to the record indicating

she continued to be treated by other medical providers. Tr. 21. Plaintiff's testimony was not that she did not have insurance at the time, but rather was that her insurance company was not authorizing the specific course of treatment. Tr. 58. The ALJ offered no explanation as to why these difficulties with her insurance company undermined her reports of debilitating symptoms. Tr. 21. Regarding re-initiation of treatment following her pregnancy, Plaintiff testified she was still looking into what treatments were safe to start while breastfeeding, as she had only given birth the month before the hearing. Tr. 47, 59-60. This delay does not constitute substantial evidence of a failure to pursue treatments.

The only other rationale offered by the ALJ for discounting Plaintiff's allegations was that her reports of symptoms were not consistent with the record evidence. Tr. 20-22. A lack of support from the medical records alone is an insufficient basis for discrediting a claimant. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Defendant argues the ALJ reasonably found Plaintiff's condition improved with treatment. ECF No. 14 at 4. An ALJ may consider the treatment an individual has received and the effectiveness of that treatment in assessing a claimant's allegations. Social Security Ruling 16-3p. However, evidence of temporary relief or cycles of waxing and waning symptoms does not demonstrate inconsistency with a claimant's overall allegations of limitations. The record reflects Plaintiff occasionally experienced some reduction in her symptoms, but the relief from various medications was not sustained, and she continued to report weekly or daily headaches. Tr. 55, 285, 293, 325, 329, 334, 357, 365, 369.

On remand, the ALJ will reevaluate Plaintiff's subjective allegations and make specific clear and convincing findings regarding the reliability of those reports.

**2.    Third party**

Plaintiff asserts the ALJ erred in rejecting evidence provided by her significant other. ECF No. 13 at 16-17.

Lay witness testimony is "competent evidence" as to "how an impairment affects [a claimant's] ability to work." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006); *see also Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993) ("[F]riends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to her condition."). An ALJ must give "germane" reasons to discount evidence from these "other sources." *Dodrill*, 12 F.3d at 919.

Plaintiff's fiancé, Jacob Chambers, completed a third-party function report and a headache questionnaire, commenting on Plaintiff's conditions and limitations. Tr. 225-32, 253. He noted Plaintiff had headaches daily, with more severe ones occurring a few times per month. 253. He reported Plaintiff was able to tend to her daughter and regular self- and household care, but sometimes was limited to laying down all day, and that her functioning depended on how she was feeling on a particular day. Tr. 225-30.

The ALJ gave this evidence little weight, noting the opinion was inconsistent with Plaintiff's daily activities and that the record did not support Mr. Chambers' statements regarding Plaintiff's hearing impairment. Tr. 20.

Plaintiff argues the ALJ incorrectly found her activities to be inconsistent with the opinion as her activities were limited and she often needed assistance. ECF No. 13 at 16-17. She also argues the medical records reflect her reports of tinnitus, supportive of Mr. Chambers' note of hearing problems. *Id.* Defendant argues the ALJ reasonably found Plaintiff's activities to be inconsistent with Mr. Chambers' opinion, which was a germane reason for disregarding it. ECF No. 14 at 12-13. Defendant also argues the ALJ gave sufficient reasons for discounting Plaintiff's reports, which were similar to those of Mr. Chambers. *Id.*

The Court finds the ALJ failed to offer a germane reason for discounting Mr. Chambers' opinion. As discussed above, the ALJ's recitation of Plaintiff's activities failed to consider the episodic nature of her headache condition. None of

the limitations identified by Mr. Chambers are inconsistent with Plaintiff's performance of sporadic activity when she was able to. Indeed, Mr. Chambers noted that Plaintiff was sometimes able to perform activities and at other times was confined to bed or the couch. Tr. 225.

As to the records regarding Plaintiff's hearing, Mr. Chambers completed his report in October 2016, in which he checked a box indicating Plaintiff's conditions impacted her hearing. Tr. 230, 232. While the record does not contain a specific diagnosis regarding Plaintiff's hearing problems, she reported tinnitus to her providers, and reported sound sensitivity with her migraines Tr. 281, 285, 289, 302, 318, 334. Therefore, the record supports Mr. Chambers' statement.

On remand, the ALJ will reassess the third-party evidence and give germane reasons for the weight assigned.

**3.  Medical expert testimony**

Two medical experts, an ophthalmologist and a neurologist, testified at the hearing. Tr. 39-52. Both experts indicated that no listing was met or equaled and stated that Plaintiff had no specific workplace functional limitations from her impairments. Tr. 41-42, 49. The ALJ gave each expert substantial weight. Tr. 22.

Plaintiff argues the ALJ erred in assigning substantial weight to the medical experts, arguing that the testimony was equivocal at best and that the neurologist's comment that Plaintiff had not received the full range of treatments indicated the file was incomplete. ECF No. 13 at 9-10.

The Court finds no error. An ALJ need not provide reasons for assigning great weight to an opinion, and the record contains substantial evidence to support the ALJ's reliance on the opinions. The record was fully developed with all available treatment evidence, and the fact that alternative or additional headache treatment modalities exist does not render the file incomplete.

///

///

However, as this claim is being remanded for further consideration of Plaintiff's subjective complaints, the ALJ shall also reconsider the medical evidence and any additional evidence that may be submitted.

**4.    Step two**

Plaintiff argues the ALJ erred at step two in failing to find a number of impairments to be severe, including migraine headaches with aura, tinnitus and hearing difficulty, and various visual impairments associated with intracranial hypertension and other eye conditions. ECF No. 13 at 11.

The Court finds any error was harmless. Step two was resolved in Plaintiff's favor, and the ALJ continued with the five-step analysis. The ALJ relied on the testimony of the medical experts in determining which of Plaintiff's conditions were medically determinable and severe.

However, on remand, the ALJ will reconsider all medical evidence and any new evidence submitted, and make new step two findings as warranted.

**5.    Step three**

Plaintiff argues the ALJ erred in making inadequate step three findings. ECF No 13 at 12-16. Specifically, she asserts the ALJ failed to reference any medical evidence in finding Listing 11.02 was not met or equaled, and argues the ALJ should have further developed the record with a neurological consultative exam. *Id.* Defendant argues the record was not incomplete and thus the ALJ was under no obligation to order additional testing. ECF No. 14 at 11. Defendant further argues the ALJ reasonably relied on the medical expert testimony in finding Plaintiff's conditions did not meet or equal any listing.

At step three of the sequential evaluation process, the ALJ considers whether one or more of the claimant's impairments meets or equals an impairment listed in Appendix 1 to Subpart P of the regulations. 20 C.F.R. § 404.1520(a)(4)(iii). Each Listing sets forth the "symptoms, signs, and laboratory findings" which must be established for a claimant's impairment to meet the Listing. *Tackett v. Apfel*, 180

F.3d 1094, 1099 (9th Cir. 1999). If a claimant meets or equals a Listing, the claimant is considered disabled without further inquiry. 20 C.F.R. § 404.1520(d).

Listing 11.02 requires a showing of:

> "Epilepsy, documented by a detailed description of a typical seizure and characterized by A, B, C, or D:
> …
> B. Dyscognitive seizures (see 11.00H1b), occurring at least once a week for at least 3 consecutive months (see 11.00H4) despite adherence to prescribed treatment (see 11.00C).
>
> OR
>
> C. Generalized tonic-clonic seizures (see 11.00H1a), occurring at least once every 2 months for at least 4 consecutive months (see 11.00H4) despite adherence to prescribed treatment (see 11.00C); and a marked limitation in one of the following:
>   1. Physical functioning (see 11.00G3a); or
>   2. Understanding, remembering, or applying information (see 11.00G3b(i)); or
>   3. Interacting with others (see 11.00G3b(ii)); or
>   4. Concentrating, persisting, or maintaining pace (see 11.00G3b(iii)); or
>   5. Adapting or managing oneself (see 11.00G3b(iv)).

20 C.F.R. Part 404, Subpart P, Appendix 1, §11.02.[1]

The ALJ found Plaintiff's conditions did not meet or equal Listing 11.02, noting no treating or reviewing source had found sufficient evidence to conclude any listing was met or medically equaled, specifically noting the medical experts' testimony that no listing was met or equaled. Tr. 18.

///

///

---

[1] There is no listing for headaches, but they are typically evaluated under this listing, as was noted by the medical expert. Tr. 49.

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 12

The Court finds the ALJ did not err, and reasonably relied on the testimony of the medical experts. However, on remand, the ALJ will reconsider each of the steps in the five-step process in light of reassessing Plaintiff's subjective reports.

**6.    Job findings**

Plaintiff argues the above errors resulted in an inaccurate RFC and a decision that is not supported by substantial evidence. ECF No. 13 at 20-21. Considering the case is being remanded for the ALJ to correct other errors, the ALJ shall also complete the five-step analysis and make new step four and step five determinations as necessary.

## CONCLUSION

Plaintiff argues the ALJ's decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made.

The ALJ's RFC determination is not supported by substantial evidence in this case and must be reevaluated. On remand, the ALJ shall reevaluate Plaintiff's subjective complaints and the evidence from the third-party, and make new findings on each of the five steps in the sequential process, taking into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1.    Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED IN PART**.

///

2. Defendant's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED November 16, 2020.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE